IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 5, 2023

## STATE OF TENNESSEE v. JEREMIAH LEAVY

**Appeal from the Circuit Court for Tipton County**
No. 3275     A. Blake Neill, Judge

_____

### No. W2023-00670-CCA-R3-CD
_____

A Tipton County jury convicted Jeremiah Leavy, Defendant, of first degree murder, felony murder, aggravated robbery, and especially aggravated kidnapping. The trial court merged the two murder convictions and imposed an effective sentence of life plus fifteen years' imprisonment. On direct appeal, we affirmed Defendant's convictions, and the Tennessee Supreme Court denied Defendant's application for permission to appeal. Defendant then sought post-conviction relief, alleging ineffective assistance of counsel. The post-conviction court dismissed his petition, and we affirmed the post-conviction court's dismissal. Defendant then moved to correct a clerical mistake that he was not on probation at the time of the offense. The trial court entered an order to correct the record accordingly. At issue here, Defendant subsequently moved under Tennessee Rule of Criminal Procedure 36.1 to correct what he alleged was an illegal sentence, and the trial court denied his motion. On appeal, Defendant contends that the trial court erred in denying relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Jeremiah Leavy, Mountain City, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Walt Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural History**

On April 27, 1997, Defendant, who was a juvenile, along with a juvenile codefendant and two adult codefendants, entered a seventy-one-year-old victim's home. *Leavy v. State*, No. W2001-03031-CCA-R3-PC, 2004 WL 42220, at *1 (Tenn. Crim. App. Jan. 8, 2004) (citing *State v. Adams and Leavy*, No. W1998-00531-CCA-R3-CD, 1999 WL 1565193, at *1-2 (Tenn. Crim. App. Dec. 21, 1999)) *perm. app. denied*, (Tenn. Dec. 20, 2004). Defendant and his codefendants intended to steal a large amount of money rumored to be in the house. *Id.* After ransacking the house and not finding any money, they sat down to watch basketball and waited for the victim to return from visiting his wife in a nursing home. *Id.*

When the victim entered his home, the four perpetrators ambushed him, bound his hands and feet with coat hangers and duct tape, and placed him in a bathtub that they previously filled with water and kerosene. *Id.* Before they left, the perpetrators covered the victim with blankets, drapes, and pieces of furniture, causing the victim to die of asphyxia. *Id.* The perpetrators took $20 from the victim's wallet, a microwave, and a kerosene space heater before leaving in the victim's car. *Id.* Defendant and his codefendants were subsequently detained by police officers, and Defendant confessed to his involvement in the crimes. *Id.*

The juvenile court transferred Defendant and his juvenile codefendant to circuit court for trial. *Id.* A Tipton County jury convicted Defendant of first degree murder, felony murder, aggravated robbery, and especially aggravated kidnapping. *Id.* at *2.

At the sentencing hearing, the trial court merged the murder convictions and sentenced Defendant to a single life sentence with the possibility of parole on the merged murder convictions. *Id.* The trial court sentenced Defendant to eight years for the aggravated robbery conviction, and fifteen years for his especially aggravated kidnapping conviction, and imposed those sentences to be served concurrently with each other but consecutively to the life sentence, for an effective sentence of life plus fifteen years. *Id.* at *19. The trial court did so because it found that Defendant was both on probation at the time he committed those crimes, and that he was a dangerous offender. *Id.* at *18. On Defendant's post-conviction appeal, we concluded that Defendant was not on probation at the time of the offense. *Id.* The juvenile codefendant was on probation, but Defendant's pre-sentence report mistakenly included the codefendant's case number and record. *Id.* That said, we upheld Defendant's sentence, concluding that:

The [trial court] used two factors under [Tennessee Code Annotated section] 40-35-115 to impose consecutive sentencing. Therefore, even if in error about the factor that the offense was committed while on probation, the consecutive sentencing would still be imposed on the fact that [D]efendant is a dangerous offender whose behavior indicates little or no regard for human life, and who committed a crime in which the risk to human life is high. The [trial court] found that an extended sentence was necessary to protect the public and that consecutive sentences reasonably relate to the severity of the offenses that were committed.

*Id*. at *19.

Thus, we concluded Defendant's sentence would still be appropriate on the trial court's dangerous offender finding alone. *Id.* Accordingly, we affirmed the judgment of the post-conviction court, and the Tennessee Supreme Court denied Defendant's application for permission to appeal. *Id.* at *19, 21.

Defendant subsequently moved to correct the clerical mistake that he was on probation during the time of the offense under Tennessee Rule of Criminal Procedure 36.[1] On March 6, 2023, the trial court entered an order correcting error in the record to "state that Defendant was not on probation at the time the underlying offense occurred."

On April 10, 2023, Defendant then moved, pro se, to correct an illegal sentence under Tennessee Rule Criminal Procedure 36.1. Defendant argued that his consecutive sentences were illegal because of the trial court's reliance on the incorrect information that Defendant was on probation when the offense occurred, and the trial court's "erroneous" determination that Defendant was a dangerous offender. Defendant argued that the record did not provide adequate justification for consecutive sentencing and requested the trial court to resentence him.

On April 13, 2023, the trial court denied Defendant's motion to correct an illegal sentence. The court "determine[d] that Defendant's Motion d[id] not state a colorable claim because his sentence was authorized by statute at the time of his sentencing, as recognized by [this court] in Defendant's post-conviction appeal."

Defendant now timely appeals.

---

[1] Defendant did not include this motion in the record on appeal.

## II. Analysis

Defendant argues that the trial court improperly dismissed his motion to correct an illegal sentence because Defendant alleges he stated a colorable claim. The State argues the trial court properly found that Defendant did not state a colorable claim, and that we previously upheld Defendant's sentence on post-conviction appeal. We agree with the State.

A defendant or the State "may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* at 36.1(a)(2). If the trial "court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." *Id.* at 36.1(2). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a defendant's motion "states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (compiling cases).

Defendant argues that he established a colorable claim for two reasons: (1) the trial court improperly used factors to find Defendant as a dangerous offender because they were essentially elements of the offense; and (2) the trial court improperly relied on errant information that Defendant was on probation at the time he committed the offense. Addressing Defendant's second claim, we agree with Defendant, as we have previously, that the trial court erred when it found Defendant's offense was committed while he was on probation. *Leavy*, 2004 WL 42220, at *19.

Turning to Defendant's first claim, he argues that the elements of his offenses, first degree murder, felony murder, aggravated robbery, and especially aggravated kidnapping, are essentially the same as the factors the trial court used to find Defendant as a dangerous offender. Defendant argues that the trial court should not use enhancement factors that are "essentially elements of the offense." *See State v. Nix*, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995). Thus, if taken as true, Defendant essentially argues that his sentence is illegal because the trial court failed to properly find any enhancement factors to support consecutive sentencing.

Yet as the trial court recognized, Tennessee Rule of Criminal Procedure 36.1 requires a colorable claim for proceedings to advance. The claim here is not a colorable one because this court upheld Defendant's sentence in his post-conviction case, concluding the "trial court articulated its finding that [Defendant] was 'a dangerous offender whose

- 4 -

behavior indicates little or no regard for human life, and who committed a crime in which the risk to human life is high.'" *Leavy*, 2004 WL 42220 at *19. We previously determined this matter. *See* Tenn. Code Ann. § 40-30-106(h) ("A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing."); *State v. Brown*, No. M2015-01754-CCA-R3-CD, 2016 WL 987641, at *2 (Tenn. Crim. App. Mar. 15, 2016) ("Rule 36.1 may not be used to relitigate those issues that have been previously determined."); *see also State v. Tolley*, 2023 WL 5146909, at *4 (holding the defendant failed to state a cognizable claim for relief under Rule 36.1 because she raised the same claim in a previous Rule 36.1 motion.); *State v. Bough*, No. E2022-01788-CCA-R3-CD, 2023 WL 8716540, at *2 (Tenn. Crim. App. Dec. 18, 2023) (holding that because the definition of illegal sentence under Rule 36.1 "'mirrors' the definition of an illegal sentence that courts have applied in the habeas corpus context, . . . the petitioner is not entitled to relief under Rule 36.1 for claims that he previously raised . . . in habeas corpus proceedings."); *Parks v. State*, No. 2022-01592-CCA-R3-CD, 2023 WL 5963757, at *2 (Tenn. Crim. App. Sept. 14, 2023) (rejecting the petitioner's claim because the alleged error was already addressed on direct appeal). Here, Defendant received a full and fair hearing when he challenged his sentence in his post-conviction case, and he may not now relitigate his previous claim under Rule 36.1.

In any event, Defendant also fails to state a colorable claim because his sentence is not illegal. Defendant's claim is analogous to the claim in *Wooden*. There, the defendant alleged that his "five-year sentence [was] illegal because the trial court increased the sentence above the presumptive statutory minimum, but failed to find any enhancement factors to support this increase, and therefore directly contravened a statute." *Wooden*, 478 S.W. at 595. Our supreme court held that the defendant's "claim falls squarely within the second category of sentencing errors—appealable errors." *Id.* Indeed, "a sentence that is 'statutorily available but ordinarily inapplicable to a given defendant' is not an illegal sentence." *Id.* at 596 (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 454 (Tenn. 2011), *superseded by rule*, Tenn. R. Crim. P. 36.1). Accordingly, our supreme court found that the defendant's five-year sentence was "statutorily available for the offense of which he was convicted, even if the trial court erred by concluding that the sentence was appropriate for [the defendant]." *Id.*

Here, even if we take Defendant's claims as true—that the trial court increased his sentence without properly finding any enhancement factors—his sentence is still not illegal. As in *Wooden*, this would make Defendant's claim an appealable error—not a fatal one. Our supreme court has held that a "trial court's erroneous 'consideration of . . . mitigating and enhancement factors' as the type of error that must be addressed on direct appeal because it does not render the sentence illegal." *Id.* (quoting *Cantrell*, 346 S.W.3d at 451). As such, Defendant's sentence was statutorily available for the offenses for which he was convicted, even if the trial court erred by concluding that it was appropriate for

- 5 -

Defendant.  *See id.*  Thus, Defendant's sentence is not illegal and he has not stated a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1.

## III. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

_____
MATTHEW J. WILSON, JUDGE